IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG STRADLING and FAY STRADLING,<br><br>Plaintiffs,<br><br>vs.<br><br>SUN AMERICAN MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS), et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTIONS FOR JOINDER<br><br>Case No. 2:09-CV-1026 TS |

I. INTRODUCTION

Defendants Mortgage Electronic Registration Systems (MERS) and LXS 2006-ION, US Bank National Association (U.S. Bank) move to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They also move to deny the Motion to Amend to add additional parties and the Motion for Joinder for the same reason. Defendants also request that the Plaintiffs' Lis Pendens be expunged.

1

The Court grants the Motion to Dismiss and denies the Motion to Amend as futile and also denies the Motion for Joinder. The Court orders that Plaintiffs release the Lis Pendens.

## II. BACKGROUND

On February 13, 2006, Defendant American Mortgage (Sun), loaned Plaintiffs $510,000 secured by a Deed of Trust[1] on Plaintiffs' primary residence located in Washington, Utah. Plaintiffs attached the Deed of Trust to their Complaint. Construing their Amended Complaint liberally, it appears that Plaintiffs intend that their exhibits A through F attached to their Complaint also be considered as part of their Amended Complaint.[2] The Deed of Trust provides:

> TRANSFERS OF RIGHTS IN THE PROPERTY
> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[3]

---

[1] Docket No. 1, Ex. A.

[2] *See* Amended Complaint ¶¶ 3, 4, 11, 12, 13, 14, 18, and 25 (referencing Exs. A through F). Plaintiffs identify the additional exhibits attached to their amended complaint as Exs. 2 ("litigation standard for pro per [sic] litigants") and G (HUD settlement statement, Ledger Card, Aurora account statement, and argument on 31 U.S.C. § 5118) The Court notes that Ex. G's documents are liberally stamped with the words "prima facie evidence" and a long stamped statement entitled "accept for value" with an illegible signature, a certified mail receipt, as well as several other illegible stamped statements or symbols.

[3] Ex. A at 3.

On February 13, 2006, legal counsel for Aurora Loan Servicing (Aurora) responded to a communication from Plaintiffs by providing various information including that "the name of the current owner of the debt is [U.S.Bank], as trustee. . ."[4] On May 26, 2009, MERS, as nominee, appointed James H. Woodall, as trustee.[5] On May 27, 2009, Mr. Woodall, as trustee, filed a Notice of Default.[6] On September 9, 2009, Mr. Woodall, as trustee, issued a Notice of Trustee's Sale set for October 8, 2009, but that sale was postponed one or more times.[7]

This case was filed on November 18, 2009. On January 27, 2010, Plaintiffs filed an Amended Complaint adding two causes of action. According to Defendants, the property has been foreclosed and a Trustee's Deed was issued in February 2010.[8]

### III. STANDARD OF REVIEW

When considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6):

> We accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. To survive a 12(b)(6) motion to dismiss, a plaintiff must allege that "enough factual matter, taken as true, [makes] his 'claim to relief . . . plausible on its face.'"[9]

---

[4]*Id*. Ex. B.

[5]*Id*. Ex. C.

[6]*Id*. Ex. D.

[7]*Id*. Ex. E.

[8]Docket No. 7, Request for Judicial Notice, Ex. B. The Court includes this fact for background only.

[9]*Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo*. 2011 WL 420439, *2 (10th Cir. 2011) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

Because Plaintiffs are acting pro se, their pleadings are construed liberally.[11] Plaintiffs' "[e]xhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."[12] Further, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment" including a court's "own files and records, as well as facts which are a matter of public record"[13] But such documents of public record that are subject to judicial notice and "may only be considered to show their contents, not to prove the truth of matters asserted therein.'"[14]

---

[10] *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007) and *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)).

[11] *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[12] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir. 1994)).

[13] *Id.*

[14] *Id*. (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)) (alternation omitted).

Leave to amend should be freely given.[15] However, leave to amend may be denied when it would be futile.[16]

IV. PLAINTIFFS' CLAIMS AND MOTIONS

In their Amended Complaint, Plaintiffs bring the following claims: that MERS lacks standing to foreclose the deed of trust (first cause of action); for rescission under 15 U.S.C. § 1635(I) (second cause of action); to compel production of documents and information under Fed. R. Civ. P. 34(b)(3)(A) (third cause of action); receipt of full discharge at closing under 31 U.S.C. § 5118(d)(2) (fourth cause of action); lack of damages (fifth cause of action).

Plaintiff filed a Motion to Amend/Correct complaint to add ten named Defendants, including Mr. Woodall as trustee, but do not propose to amend the nature of their claims or add factual allegations. All of the persons Plaintiffs seek to add are involved in the note or the non-judicial foreclosure. The requested amendment would effectively join those additional defendants.[17]

Defendants oppose amendment because it would not change the claims and Defendants contend that the claims fail to state claims upon which relief can be granted. Most recently, Plaintiffs filed a Motion seeking to add Aurora as a party under Fed. R. Civ. P. 19, which Defendants oppose for the same reason.

---

[15]Fed. R. Civ. P. 15(a).

[16]*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint").

[17]*See* Fed. R. Civ. P. 20 (permissive joinder).

5

## V. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss the first cause of action because numerous courts have rejected Plaintiffs' theory that MERS must produce the note before a non-judicial foreclosure may be valid. Plaintiffs filed two oppositions[18] to the Motion. They argue that when the note is separated from the deed of trust the sale is invalid under Utah law. They also argue that this is a developing issue of law and relying on case law[19] from other jurisdictions as well as several articles.

The Court finds that the issue has been decided in Defendants' favor in this district, most recently in the cases *Wareing v. Meridias Capital*[20] and *Fowler v. Recontrust Company, N.A.*[21] As explained in *Fowler*:

> To the extent Plaintiffs argue that the note must be presented or proved before foreclosing non-judicially, Defendants correctly note that this "show me the note" position has been rejected. *See McGinnis v. GMAC Mortgage Corp.*, No 2:10-CV-301TC, 2010 WL 3418204 at *2 (D. Utah Aug. 27, 2010) ("Utah law on non-judicial foreclosure contains no requirement that the

---

[18] Docket Nos. 9 and 14.

[19] *E.g. Landmark Nat. Bank v. Kesler*, 216 P.3d 158 (Kan. 2009) (holding that MERS did not have standing to intervene in a judicial foreclosure case); *but see Gomes v. Countrywide Home Loans, Inc.*, __ Cal Rptr. 3d ___, 2011 WL 566737 (Cal. App. 2011) (collecting unreported cases challenging non-judicial foreclosures and noting that "none recognize a cause of action requiring the note holder's nominee to prove its authority to initiate a foreclosure proceeding").

[20] No. 2:10-CV-165 TS, Memorandum Decision and Order (D. Utah Mar. 17, 2011).

[21] No. 2:10-CV-1143 DS, 2011 WL 839863 (D. Utah Mar. 10, 2011).

beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note").[22]

This Court agrees with and will follow the *Fowler* case.

Plaintiff's "split the note" issue has also been resolved in Defendants' favor in this district, most recently in *Wareing* and *Wade v. Meridias Capital*:[23]

> Mr. Wade's "split the note" theory has been heavily litigated in this district and in multiple other districts and has been rejected repeatedly. Utah Code Annotated §57-1-35 states, "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor." The statute does not provide for exceptions, nor has Mr. Wade cited to any case law or statute that says that such an exception exists. By law, each successor to the Note also receives the benefit of the security. Under the plain terms of the Trust Deed, which Mr. Wade signed, MERS was appointed as the beneficiary and nominee for the Lender and its successors and assigns and granted power to act in their stead, including making assignments and instituting foreclosure. The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary for the Trust Deed.[24]

For the reasons stated in *Wade* and other prior decision of this Court, the Court finds that Plaintiffs' first cause of action fails to state a claim upon which relief can be granted.

Defendants argue that Plaintiffs' claim for rescission under 15 U.S.C. § 1635(a), the Truth in Lending Act (TILA), must be dismissed because TILA does not apply to residential mortgage transactions. Plaintiff did not respond to Defendants' arguments regarding their

---

[22]*Id*. at *2 n.2.

[23]2:10-CV-998 DS, Memorandum Decision (March 17, 2011).

[24]*Id*. slip op. at 5.

second claim for relief, except to "leave the matter up to the sound discretion of the court."[25] This issue has also been decided in this jurisdiction.[26]

> TILA exempts "residential mortgage transactions" from § 1635. A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Here, the Court finds, based on the materials before it, that the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of Plaintiff's dwelling. Therefore, § 1635(a) is not applicable here. A number of courts, including this one, have reached this same conclusion.[27]

Accordingly, Plaintiffs' second claim for relief for rescission under TILA fails to state a claim and must be dismissed.

Defendants move to dismiss the third claim for relief because Rule 34 does not provide an independent cause of action for discovery. This Court agrees and finds that the third claim for relief fails to state a claim upon which relief can be granted.

Plaintiffs fourth cause of action is that there has been a full discharge for creditors under 31 U.S.C. § 5118(d)(2). By its own terms, § 5118(d)(2) "does not apply to an obligation issued after October 27, 1977."[28] As discussed above, Plaintiffs' complaint alleges that the obligation was entered into in February 2006. Therefore, the fourth cause of action fails to state a claim upon which relief can be granted.

---

[25] Docket No. 14, Pls' Reply at 7.

[26] *Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, at *2 (D. Utah Sept. 16, 2009).

[27] *Id.* at *2 (footnotes omitted and citing 15 U.S.C. § § 1635(e)(1) and 1602(w)).

[28] 31 U.S.C. § 5118(d)(2).

8

Plaintiffs' fifth cause of action is that all participating banks and creditors were balanced out as nothing owing to them. However, even construing their Amended Complaint liberally, Plaintiffs make no allegations to support this claim other than a conclusory reference to their Ex. G and § 5118(d)(2). Nothing in Exhibit G shows the debt was paid in full or a release of the debt. As discussed above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a challenge under Rule 12(b)(6).[29] Therefore, the fifth cause of action fails to state a claim upon which relief can be granted.

Based on the above, the Court will grant Defendants' Motion to Dismiss.

## VI. MOTION TO AMEND

Plaintiffs seek leave to amend to join "newly discovered parties" including Aurora. However, as discussed above, they do not seek to change their causes of action. Because the Court has found that the Complaint fails to state any causes of action upon which relief can be granted, it would be futile to grant leave to amend to bring those same insufficient claims against additional parties. Accordingly, the Court will deny the Motion for Leave to Amend.

## VII. MOTION TO JOIN AURORA UNDER RULE 19

Plaintiffs also seek to join Aurora Loan Services as a defendant under Fed. R. Civ. P. 19. As Plaintiffs explain in their Motion, they are defendants in Aurora's separate unlawful detainer action. That unlawful detainer action was remanded from this court to

---

[29] *Bixler*, 596 F.3d at 756.

the state court.[30] Plaintiffs assert that Aurora is currently seeking a hearing in that state court unlawful detainer action. Because Aurora is proceeding in that action, Plaintiffs argue that Aurora has become a necessary and required party.

Defendant opposes the request for two reasons. First, it would be futile because the Amended Complaint fails to state claims upon which relief can be granted. Second, Plaintiffs have long been aware of Aurora's identity and involvement as evidenced by their allegations in the Amended Complaint.

Plaintiffs bring their motion under Rule 19(a)(1)(B), which provides:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . .

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (I) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[31]

---

[30] *See Aurora Loan Services v. Stradling*, Case No. 2:10-CV-291 TS, Docket No. 12 (Memorandum Decision and Order Remanding Case).

[31] Fed. R. Civ. P. 19(a).

10

As in the case *Birmingham v. Experian Information Solutions, Inc.*,[32] Plaintiffs herein "labor under a fundamental misunderstanding of Rule 19."[33] Rule 19 is a compulsory party joinder provision.[34] As explained in *Birmingham*, "Rule 19 'reflect[s] a policy decision that [in certain circumstances] other interests—primarily the protection of other parties and absentees—outweigh the interest in plaintiff autonomy [in structuring the litigation].'"[35]

Plaintiffs argument is basically that Aurora has gone from a proper party[36] to a necessary party because Aurora is now pressing for a hearing on eviction in its separate action in state court. However, the Court finds that the requirements of Rule 19 are not met where Plaintiffs' Complaint fails to state a claim. Even without adding Aurora as a party this Court could "accord complete relief among existing parties," by dismissing the claims against the existing defendants for failure to state a claim. Where Plaintiffs' claims must be dismissed because they relied on their legal theories that have already been rejected in this jurisdiction, Plaintiffs have not shown in what way they could be prejudiced by Aurora not being joined. Aurora is not prejudiced in any way by the failure to be joined, because if it were joined, the claims would still be dismissed under Rule 12(b)(6). Further,

---

[32] __ F.3d __, 2011 WL 359366 (10th Cir. 2011).

[33] *Id*. at *13.

[34] 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 19.02 (3d ed. 2010).

[35] *Birmingham*, 2011 WL 359366, at *13 (quoting 4 MOORE'S § 19.02) (alternations in *Birmingham*)).

[36] *See* MOORE'S § 19.02[2][b] (explaining that proper parties are not subject to compulsory joinder under Rule 19 even those "whose claims arise (or against whom claims arise) from the same transaction or occurrence and will raise at least one common question of law or fact").

11

Aurora is not prejudiced as it is apparently proceeding with its own claim for unlawful detainer action in state court.

Where the Amended Complaint in this case fails to state claims upon which relief can be granted, the Court denies Plaintiffs' Motion for Joinder of another party under Rule 19.

VIII. LIS PENDENS

Plaintiffs have not responded to the Defendants' Request regarding the lis pendens. Utah Code Ann. § 78B-6-1304 provides that a party to the action in which a lis pendens "was filed may make a motion to the court in which the action is pending to release the notice." The statute further provides:

2) A court shall order a notice released if:

(a) the court receives a motion to release under Subsection (1); and

(b) the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice. [37]

Having determined that the Complaint fails to state a claim and is dismissed, the Court finds that Plaintiffs, as claimants, have not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice. Therefore, the Court orders that the lis pendens be released. Defendants have not sought attorney fees or costs under Utah Code Ann. § 78B-6-1304(6).

---

[37]Utah Code Ann. § 78B-6-1304(2).

IX. ORDER

For the reasons stated above, it is therefore

ORDERED that Plaintiffs' Motion to Amend/Correct Amended Complaint to add parties (Docket No. 4) and Plaintiffs' Motion to Add party under Fed. R. Civ. P. 19 (Docket No. 17) are DENIED. It is further

ORDERED that Defendants' Motion to Dismiss for the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (Docket No. 5) is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. It is further

ORDERED that Plaintiffs shall file a release of the lis pendens within 14 days of the entry of this order.

DATED   March 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge