PETER J. SALMON (UT BN 9382)
SPENCER MACDONALD (UT BN 10243)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE:  (619) 590-1385

Attorneys for Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LXS 200-610N U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

**IN THE DISTRICT OF UTAH - CENTRAL DIVISION**

**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| GREG STRADLING<br>FAY STRADLING,<br><br>           Plaintiffs,<br><br>       v.<br><br>SUN AMERICAN MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ("MERS"); LXS 2006-ION U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ("LXS"); AND JOHN DOES 1-10,<br><br>           Defendants. | OPPOSITION BY DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LXS 200-610N U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE TO PLAINTIFFS' MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT<br><br>Case No. 2:09-cv-01026<br><br>Judge Ted Stewart |

Defendants Mortgage Electronic Registration Systems, Inc., and LXS 200-610N U.S. Bank National Association, as Trustee (collectively "Defendants") submit this Opposition to the Motion by Plaintiffs Greg Stradling and Fay Stradling ("Plaintiffs") for Relief rom Judgment pursuant to Rule 60(b) Motion.

## I.   SUMMARY OF ARGUMENT

Plaintiffs' Motion seeks relief pursuant to Rule 60(b), Fed. R. Civ. P.  The Motion is nothing more than an extended attack on this Court's Memorandum Decision and Order.  It is therefore inappropriate and should be denied.  Additionally, Plaintiffs recite to several provisions under Rule 60(b), none of which are availing in this case.  Plaintiffs are not entitled to relief due to "newly discovered evidence" (see Rule 60(b)(2), Fed. R. Civ. P.) because no such evidence has been found or presented to this Court.  Plaintiff is not entitled to relief due to "fraud" (see Rule 60(b)(3), Fed. R. Civ. P.) because this provision only creates relief where a party has engaged in fraudulent conduct.  Plaintiffs' Motion is based on alleged wrongdoing by the Court, and is therefore inappropriate.  Plaintiffs cannot obtain relief by claiming that the judgment is "void" (see Rule 60(b)(4), Fed. R. Civ. P.) because setting aside a judgment on voidness grounds is narrowly restricted and because voidness only occurs where the issuing court lacked jurisdiction or where the court acted in a manner inconsistent with due process of law.  Plaintiffs are also not entitled to relief under Rule 60(b)(5), Fed. R. Civ. P. because this provision may not be used to challenge the legal conclusions on which a prior judgment or order rests.  Finally, Plaintiff cannot seek relief under Rule 60(b)(6), Fed. R. Civ. P. because this provision is mutually exclusive to the other categories of relief enumerated in Rule 60(b).  Therefore, Plaintiffs' Motion must be denied in all respects.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. On April 16, 2010, Defendants MERS, LXS 2006-ION and U.S. Bank National Association filed a Motion to Dismiss, Memorandum in Support and Request for Judicial Notice (Docs.

5, 6 and 7).

2. On May 14, 2010, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 9).

3. On May 27, 2010, Defendants filed a Reply to Plaintiff's Memorandum in Opposition (Doc. 10).

4. On August 31, 2010, Defendants filed a Request to Submit for Decision regarding their Motion to Dismiss.

5. On February 23, 2011, Plaintiffs filed a Motion under Rule 19, Fed. R. Civ. P., to join Aurora Loan Services as a party.

6. On March 11, 2011, Defendants filed and served an Opposition to the Rule 19 Motion.

7. On March 28, 2011, this Court granted Defendants' Motion to Dismiss. The Court also denied Plaintiff's Motion to Amend.

8. On May 6, 2011, Plaintiffs filed a Motion for Relief under Rule 60(b), Fed. R. Civ. P. and a Memorandum in Support (Doc. 25).

9. Plaintiffs seek relief under subparts (2) through (6) of Rule 60(b), Fed. R. Civ. P. Plaintiffs' claims are that they this Court denied them "fundamental fairness," this Court's "refus[al] to properly apply FRCP 19" this Court "[g]enerally refusing to apply the law applicable to this case."[1]

/./././

---

[1] Plaintiffs' Motion for Relief, pp. 2-3.

**III.    LEGAL STANDARD GOVERNING RULE 60(b) MOTIONS**

Plaintiffs seek relief from this Court's judgment pursuant to Rule 60(b), Fed. R. Civ. P., which states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiffs' Motion seeks relief under subparts (2) through (6) of Rule 60(b). "Relief under Rule 60(b)(6) is only appropriate "in extraordinary circumstances and only when necessary to accomplish justice."[2] The rule was designed to strike a "delicate balance" between respecting the finality of judgment and, at the same time, recognizing the court's principal interest of executing justice.[3] Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[4] The court has substantial discretion as to whether to grant relief.[5] Granting relief

---

[2] Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996) (quoting Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir. 1993)).

[3] Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983).

[4] Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

[5] Pelican Production Co. v. Marino, 893 F.2d 1143, 1145-46 (10th Cir. 1990).

under Rule 60(b) is improper if doing so would be futile.[6]

## IV. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(b)(2) ("NEWLY DISCOVERED EVIDENCE")

Plaintiffs' are not entitled to relief under subpart (b)(2) of Rule 60, Fed. R. Civ. P. To be eligible for relief from a final judgment based on newly discovered evidence, the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.[7]

Neither Plaintiffs' Motion for relief under Rule 60(b) nor their supporting Memorandum identify any new evidence, let alone how it was discovered, how they exercised diligence in discovering new evidence, etc. To the extent Plaintiffs contend that the Consent Orders they have filed with their Motion somehow constitutes new evidence, they have not and cannot identify how these orders would have produced a different result, as no portion of those Consent Orders in any way impacts the authority of MERS to act as a beneficiary under Utah law or the Plaintiffs' deficient claim under the Truth-in-Lending Act. The Consent Orders further do not have any bearing on the Plaintiffs failed prior attempt to amend their complaint to add individual defendants as parties. Plaintiffs have therefore failed to identify grounds for relief under Rule 60(b)(2) and their Motion should be denied.

---

[6] LaFleur v. Teen Help, 342 F.3d 1145, 1154 (10th Cir. 2003).

[7] Dronsejko v. Thornton, 632 F.3d 658, 670 (10th Cir. 2011) (citation omitted).

## V. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(b)(3) ("FRAUD")

Plaintiffs' are not entitled to relief under subpart (b)(3) of Rule 60, Fed. R. Civ. P. Motions for relief from judgment because of fraud, misrepresentation or misconduct of an adverse party under Rule 60(b)(3) are subject to a heightened standard.[8] Under this standard, regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation.[9] This requires a showing of clear and convincing proof of fraud, misrepresentation, or misconduct.[10] Moreover, the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.[11] It requires a showing "that one has acted with an intent to deceive or defraud, by means of a deliberately planned and carefully executed scheme."[12] When there is no showing of intent, mere facts of misrepresentation are not enough to constitute fraud on the court.[13]

Plaintiffs have not alleged any act or omission by Defendants which could be construed as actionable fraud under Rule 60(b)(3). Instead, Plaintiffs' Motion focuses almost exclusively on alleged improprieties committed by the Court. However, Rule 60(b) is "not available to allow a

---

[8] Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290-92 (10th Cir. 2005).

[9] Id. at 1290.

[10] Id.

[11] Id.

[12] Id. (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)).

[13] United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002).

party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[14] Plaintiffs have therefore failed to identify grounds for relief under Rule 60(b)(3) and their Motion should be denied.

## VI. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(b)(4) ("THE JUDGMENT IS VOID")

Plaintiffs' are not entitled to relief under subpart (b)(4) of Rule 60, Fed. R. Civ. P. "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted."[15] "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."[16] Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites - particularly, adequate notice and opportunity to be heard - were fully satisfied."[17]

Plaintiffs' Motion alleges that the "entire" federal judiciary bench "is hostile to the property claims of ordinary people like [Plaintiffs]."[18] Plaintiff also makes other accusations as to this Court's assessment and treatment of this case.[19] These accusations do not assert that this Court lacked

---

[14] Hilliard v. Dist. Ct. of Comanche County, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

[15] V.T.A., Inc. v. AIRCO, Inc., 597 F.2d 220, 225 (10th Cir. 1979).

[16] U.S. v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002) (internal quotations omitted).

[17] Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994).

[18] Plaintiff's Memorandum, p. 2.

[19] Id., pp. 36.

jurisdiction, nor do they specify how Plaintiffs allege this Court "acted in a manner inconsistent with due process of law." Nothing in the proceedings before this Court vary from the fundamental procedural prerequisites, nor is there any claim that Plaintiffs were denied notice of the proceedings or an opportunity to be heard. Plaintiffs have therefore failed to identify grounds for relief under Rule 60(b)(4) and their Motion should be denied.

VII. **PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(b)(5) ("THE JUDGMENT HAS BEEN SATISFIED, RELEASED OR DISCHARGED")**

Plaintiffs' are not entitled to relief under subpart (b)(5) of Rule 60, Fed. R. Civ. P. The gravamen of Plaintiffs' Motion pursuant to Rule 60(b) is nothing but an attack on this Court's Memorandum Decision and Order. However, "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests."[20] Plaintiffs have therefore failed to identify grounds for relief under Rule 60(b)(5) and their Motion should be denied.

VIII. **PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(b)(6) ("ANY OTHER REASON THAT JUSTIFIED RELIEF")**

Plaintiffs' are not entitled to relief under subpart (b)(6) of Rule 60, Fed. R. Civ. P. BECAUSE Subsection (b)(6) is mutually exclusive to the other categories of relief enumerated in Rule 60(b).[21] Plaintiffs, having sought relief under subparts (2) through (5) of Rule 60(b), cannot simultaneously seek relief under subpart (6).

/././

---

[20] Horne v. Flores, 129 S. Ct. 2579, 2593, 174 L. Ed. 2d 406 (2009).

[21] Mullin v. High Mountain, 182 F. App'x 830, 833 n.3 (10th Cir. 2006) (quoting Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005)).

## IX.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion be denied in all respects.

Dated:        May 26, 2011                              PITE DUNCAN, LLP


                                                                    /s/ Spencer Macdonald
                                                            PETER J. SALMON
                                                            SPENCER MACDONALD
                                                            Attorneys for Defendants LXS 2006-1 ON U.S. Bank National Association, as Trustee and Mortgage Electronic Registration Systems, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 4375 Jutland Drive, Suite 200, P.O. Box 17935, San Diego, CA 92177-0935.

I hereby certify that on May 26, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I further certify that on May 26, 2011, I served the attached document via First Class U.S. Mail on the following:

| Greg Stradling<br>971 East Comanche Circle<br>Washington, UT 84780<br>*Plaintiff in Pro Se* | Fay Stradling<br>971 East Comanche Circle<br>Washington, UT 84780<br>*Plaintiff in Pro Se* |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of May 2011, at San Diego, California.

_____
MARSHA L. JOHNSON