IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG STRADLING and FAY STRADLING,<br><br>　　　Plaintiffs,<br><br><br><br>vs.<br><br><br><br>SUN AMERICAN MORTGAGE COMPANY, et al.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO FED.R.CIV.P. 60(B) AND DENYING PLAINTIFFS' MOTION TO AMEND<br><br><br><br><br>Case No. 2:09-CV-1026 TS |

　　　The Court has before it Plaintiffs Greg Stradling and Fay Stradling's (collectively, "Plaintiffs") Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)[1] and Motion to Amend Complaint Pursuant to Fed.R.Civ.P. 15(a)(2).[2] Having considered the parties' respective arguments, the Court will deny the Motions.

---

[1] Docket No. 22.

[2] Docket No. 26.

1

I.  MOTION FOR RELIEF FROM JUDGMENT

Plaintiffs move the Court for relief from its March 28, 2011 Order (the "Order")[3] dismissing their cause of action for failure to state a claim upon which relief may be granted.  As a threshold matter, the Court notes that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[4]  Pursuant to Fed.R.Civ.P. 60(b), a court may relieve a party from a judgment or order for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud, misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released,= or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.[5]

On the first pages of both their Motion and supporting memorandum, Plaintiffs note that they seek relief under subparts (2) through (6) of Rule 60(b).  In the arguments that follow, however, Plaintiffs largely fail to explain how the identified subparts relate to their various arguments made in support of their Motion.  The only exception is found in the final section of Plaintiffs' supporting memorandum, which includes a summary of consent orders signed by Defendants U.S. Bank and MERS approximately two weeks after this Court's dismissal Order, and argues that this new information requires relief under Fed.R.Civ.P. 60(b)(2).  In the

---

[3] Docket No. 20.

[4] *Bud Broos Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[5] Fed.R.Civ.P. 60(b).

remainder of Plaintiffs' Motion, Plaintiffs argue that the Court should grant their requested relief because the Order: (1) denied them fundamental fairness; (2) dismissed their cause of action with prejudice, foreclosing any opportunity to amend their claims; (3) misrepresented their motion for joinder as a motion to amend; and (4) refused to apply the law applicable to this case.[6]

A.   NEWLY DISCOVERED EVIDENCE

Plaintiffs argue that the consent orders filed in conjunction with their Motion mandate relief under Rule 60(b)(2). To qualify for relief under Rule 60(b)(2), the moving party must show:

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.[7]

The Tenth Circuit has explained that while this standard was announced in the context of a party seeking relief from the result of trial, the required showing under Rule 60(b)(2) remains the same for those seeking relief from an order dismissing the case.[8]

Applying this standard to the instant action, the Court finds that Plaintiffs have failed to demonstrate how this newly discovered evidence is material or how this evidence would produce a different result. Although the consent orders were signed by two of the Defendants in the present action, the subject matter of the consent orders has no impact on the authority of MERS

---

[6]Docket No. 22.

[7]*Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (alterations in original).

[8]*Id.* ("Of course, in this case the Plaintiffs sought relief from an order dismissing the case, not from the result of a trial—but the required showing under Rule 60(b)(2) remains the same.").

to act as a beneficiary under Utah law, Plaintiffs' claims under the Truth-in-Lending Act, Plaintiffs' request for leave to amend, or Plaintiffs' request to join a necessary party. The consent orders are simply not relevant to the present action and, therefore, fail to provide an adequate ground for the requested relief.

B.     REMAINING CONTENTIONS

Plaintiffs' remaining arguments fail to demonstrate why they are entitled to relief under Rule 60(b). Plaintiffs' first contention is that they were denied fundamental fairness because the Court's Order dismissed their complaint without fully and fairly adjudicating the contentions therein. While the Court's dismissal of Plaintiffs' complaint necessarily disposed of Plaintiffs' cause of action prior to a full trial, the Court's dismissal was pursuant to Fed.R.Civ.P.12(b)(6), which allows a court to dismiss an action that fails to plead a plausible claim for relief. As demonstrated by the Court in its Order, Plaintiffs' claims fail as a matter of law and, therefore, merited dismissal.

Plaintiffs next contend that their claims should have been dismissed without prejudice and that this Court abused its discretion in denying them leave to amend their complaint. While leave to amend should be freely given, the Court need not allow amendment when doing so would be futile.[9] Plaintiffs requested leave to amend to add additional parties, but did not seek leave to change their causes of action. The Court found that allowing Plaintiffs to bring

---

[9] Docket No. 20, at 5 (citing Fed.R.Civ.P. 15(a) and *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

insufficient claims against additional parties would be futile. On reconsideration, the Court finds no error in this conclusion.

Plaintiffs assert that the Court erroneously treated their motion to join Aurora Loan Services as a necessary party as a motion for leave to amend. This assertion is simply false. The Court evaluated whether Aurora Loan services was a necessary party under Fed.R.Civ.P. 19(a)(1)(B) and concluded that Aurora Loan was not a necessary party and, therefore, Plaintiffs' motion failed.

Plaintiffs lastly contend that the Court refused to apply the law applicable to this case. Plaintiffs contention here seems to be that the Court erred in refusing to adopt their assertion that the promissory note signed in conjunction with the deed of trust when they purchased their property is no longer valid because the two instruments have been "split"—rendering the note and the deed of trust a nullity. This position, however, has been repeatedly considered, and rejected, by this Court[10] and Plaintiffs failed to demonstrate why this line of precedent should be disregarded.

Because Plaintiffs have failed to demonstrate why they are entitled to relief under Rule 60(b), the Court will deny the Motion.

## II.  MOTION TO AMEND

Plaintiffs also filed a separate motion seeking leave to amend their Complaint. As Plaintiffs have failed to demonstrate why they should be relieved from this Court's Order

---

[10] *See* Docket No. 20, at 6-7.

dismissing their case, Plaintiffs' Motion to Amend likewise fails. The Court will deny the Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b) (Docket No. 22) is DENIED. It is further

ORDERED that Plaintiffs' Motion to Amend Complaint Pursuant to Fed.R.Civ.P. 15(a)(2) (Docket No. 26) is DENIED.

The Clerk of the Court is directed to close this case forthwith.

DATED   June 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge